

# Missouri Court of Appeals

### Southern District

### Division Two

FIRST MIDWEST BANK )
OF POPLAR BLUFF, )
            )
         Plaintiff-Respondent, )
            )
       vs. )    No. SD34040
            )    Filed: May 10, 2016
PAM BLANTON BOYER, TRUSTEE )
OF THE CHERIE L. BLANTON )
LIVING TRUST, )
            )
         Defendant-Appellant, )
            )
AND )
            )
CLEMENS PETERS, )
            )
         Defendant-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable H. Mark Preyer, Associate Circuit Judge

**<u>AFFIRMED</u>**

Pam Blanton Boyer, Trustee of the Cherie L. Blanton Living Trust ("Trustee"), appeals the judgment of the trial court that awarded a "Time Certificate of Deposit" ("CD") in the amount of $20,000 to Clemens Peters ("Peters"). We affirm the judgment of the trial court.

## Factual and Procedural History

Viewed in the light most favorable to the judgment, *Walker v. Lonsinger*, 461 S.W.3d 871, 874 (Mo.App. W.D. 2015), the following facts were adduced at trial.

On October 31, 2008, Brete Blanton ("Brete")[1] purchased a CD in the amount of $20,000 with a maturity date of October 31, 2009, from First Midwest Bank of Poplar Bluff ("First Midwest"). Marshall Gene Shain ("Shain") was the Senior Vice President of First Midwest who assisted Brete. The documentation and Shain's testimony, established that the CD was opened, held, and identified as "BRETE BLANTON POD[2] CLEMENS PETERS NO LDPS." The account card further clarified that the ownership type was "Payable on Death." The CD remained unchanged as to its dedication and terms, and renewed automatically every 12 months with interest compounding quarterly.

In his testimony, Shain recalled explaining to Brete that the creation of the account in this fashion was the same as giving it to Peters when Brete died. Shain testified that Brete's response was, "Yes, that's what I want. . . . He's the one I want to have it." Shain further explained that Brete purchased the CD willingly and voluntarily without any indication that he was coerced or manipulated, and Brete stated that "he thought more of [Peters] than he did any living family member."

Peters testified that Brete had moved around a lot, and had stayed off and on at Peters' home. Peters had in fact helped Brete move back to Glennonville, Missouri, from where he had been living in Florida. Peters was not aware of the CD until he was advised of its existence in February 2014, by an attorney for First Midwest.

---

[1] Because a portion of the involved parties share the same surname, for ease of reference, we refer to the parties individually by their first names. We mean no familiarity or disrespect.

[2] "POD" is an abbreviation for "payable on death."

Brete died on August 7, 2012, while he was a resident of Washoe County, Nevada. He left a last will and testament dated June 23, 2009. An estate was opened in Nevada and Brete's last will and testament was filed. The Trustee objected to the issuance of letters testamentary in Nevada, asserting that Brete's estate property belonged to the Trust because it had been improperly removed from the Trust by Brete. Trustee and other family members reached a "Stipulation to Withdraw Petition for Probate of Will and for Issuance of Letters Testamentary and for Order Confirming Trust Property" in Nevada. This allowed for the voluntary withdrawal of the petition for probate of the will and the return of assets by the person or entity that held any such asset as identified in the inventory. Neither First Midwest nor Peters were made parties to the litigation in Nevada, although an exhibit identified at trial in Missouri indicated they had been notified by mail of the existence of the estate.

On October 21, 2013, First Midwest filed a "Petition in Interpleader," naming Trustee and Peters as defendants, seeking direction from the court as to the proper owner of the CD. Trustee cross-claimed for declaratory judgment seeking the court's declaration that the Cheri L. Blanton Living Trust ("the Trust") was the owner of the CD.

A bench trial was held on February 25, 2015. The only evidence at trial was the testimony of Shain and Peters, a portion of the bank records for Brete, and a certified portion of the court file for the Second Judicial District Court in and for the County of Washoe, State of Nevada.

The trial court entered judgment on July 14, 2015, and found, in part, that the stipulation and order entered in Nevada did not include any findings that the dispute over ownership of the CD was tried on the merits of the issues raised by the pleadings, and that Trustee asserted the ownership of the CD was in dispute because Trustee claimed Brete used misappropriated funds

3

from the Trust to open the CD account. The trial court further found that Trustee did not "present any evidence to this [c]ourt of how or when the funds were misappropriated but instead relies upon the Stipulated Judgment of the Probate Court of Washoe County, Nevada to establish that fact."[3] The trial court went on to find that while Trustee asserted that First Midwest and Peters were bound under a claim of either collateral estoppel or res judicata, neither First Midwest nor Peters were ever made a party to the Nevada litigation. The trial court ultimately concluded that Trustee failed to meet her burden of proof in both her claim under the interpleader action and her cross-claim for declaratory judgment. The trial court concluded that Peters was entitled to the CD, less First Midwest's attorney fees for interpleader, and that Trustee did not prove her claims.

In one point, Trustee contends:

THE TRIAL COURT ERRED IN ENTERING JUDGMENT IN FAVOR OF APPELLANT [SIC] CLEMENS PETERS THAT CERTIFICATE OF DEPOSIT 2673 WAS THE PROPERTY OF APPELLANT [SIC] PETERS BECAUSE THE COURT IGNORED THE EVIDENCE CONTAINED IN THE ORDER OF THE CIRCUIT COURT OF WASHOE COUNTY, NEVADA AND THE EVIDENCE CONTAINED IN THE BANK RECORDS OF BRETE BLANTON IN THAT SAID EVIDENCE WAS CLEAR AND CONVINCING THAT THE FUNDS USED TO PURCHASE CERTIFICATE OF DEPOSIT 2673 WAS MIS-APPROPRIATED BY BRETE BLANTON FROM THE CHERIE L. BLANTON LIVING TRUST AND THAT CERTIFICATE OF DEPOSIT 2673 WAS PROPERLY THE PROPERTY OF APPELLANT.

### Standard of Review

In a court-tried case, the court will affirm the judgment of the trial court unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares the law or applies the law. ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976).

---

[3] The record contains some reference to the "order" of the Nevada court as a "judgment," but the certified records placed into evidence only includes an "Order Granting Stipulation to Withdraw Petition for Probate of Will and for Issuance of Letters Testamentary and Order Confirming Trust Property."

**Analysis**

In her sole point, which is multifarious, Trustee challenges the judgment of the trial court but fails to explain how or why the judgment is unsupported by the evidence, is against the weight of the evidence, or erroneously declares or applies the law. As best we can discern, Trustee is challenging the propriety of the judgment as being unsupported by the evidence.

"We start with the presumption that the court's judgment is correct[,] and appellant has the burden to show otherwise." *Ferguson v. Hoffman*, 462 S.W.3d 776, 780 (Mo.App. W.D. 2015) (internal quotation and citation omitted). As the appellant, Trustee carries the burden of demonstrating the propriety of her position on appeal. *Id.* Trustee fails to do so here.

Trustee incorrectly presupposes that we must conclude that Brete misappropriated funds from the Trust and used those funds to buy the CD in question. Trustee fails to explain how the record requires this conclusion under our standard of review. Furthermore, Trustee does not follow the mandatory framework as set forth by *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo.App. S.D. 2010),[4] for her not-supported-by-substantial-evidence challenge, rendering this argument analytically useless. *See In re Adoption of C.M.*, 414 S.W.3d 622, 651 (Mo.App. S.D. 2013). Instead of following *Houston*'s framework, Trustee points more generally to evidence in the record she presupposes is favorable to her position, and general principles of law.

---

[4] For a not-supported-by-substantial-evidence challenge, an appellant must, in sequence:

> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
> (2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,
> (3) demonstrate why that favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.

*Houston*, 317 S.W.3d at 187.

Without citation to law or any analysis of the evidence, Trustee argues that the settlement in Nevada resolved the issue of ownership of the CD and that to conclude otherwise would shield the mishandling of funds between jurisdictions. The trial court's findings, which we presume to be correct, *Ferguson* 462 S.W.3d at 780, and which Trustee has the burden to show are incorrect, concluded that the opposite was true. In its judgment, the trial court found that Trustee failed to meet her "burden of proof to establish that such funds were in fact misappropriated," on the basis that Trustee failed to show that the Nevada "stipulated judgment" was binding in the present matter. Specifically, the trial court found:

> [Trustee] fails to establish any 'significant contacts' between Mr. Peters and the state of Nevada nor First Midwest Bank and the state of Nevada that would establish, under any theory of 'long arm jurisdiction', that Mr. Peters and the Bank are subject to the jurisdiction of a Nevada court. Had [Trustee], or the personal representatives of the estate, named Mr. Peters and the Bank as parties to the Nevada litigation, then Mr. Peters and the Bank would've been permitted to contest jurisdiction through a motion to dismiss for lack of jurisdiction and/or subject matter jurisdiction. This did not occur.

Trustee wholly fails to demonstrate why this finding is not supported by the evidence, or otherwise untenable under our standard of review. As a result, Trustee's argument on appeal has no merit. Point denied. The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS